MATTER OF KIM

In Visa Petition Proceedings

A-14243522

*Decided by Regional Commissioner December 21, 1964*

Two visa petitions having been previously approved for petitioner in behalf of eligible orphans, as defined in section 101(b)(1)(F), Immigration and Nationality Act, as amended, notwithstanding one of the orphans died subsequent to entry, section 205(c) of the Act precludes approval of a third visa petition by same petitioner for an eligible orphan, absent the factor of prevention of separation of brothers and sisters.

Discussion: This case is before me on appeal from the District Director, San Francisco, who denied the petition on November 20, 1964 as follows:

Your petition has been denied. You have previously filed visa petitions under section 205(b) of the Immigration and Nationality Act in behalf of two orphans who were subsequently admitted to the United States. Section 205 (c) of the Immigration and Nationality Act states "not more than two such petitions may be approved for one petitioner unless necessary to prevent the separation of brothers and sisters".

The petitioner and his wife, both adult citizens of the United States, reside in Chico, California where the petitioner is employed as a watchmaker and his wife as a school teacher. They live in a modern home in Chico. Their combined income exceeds $10,000.00 yearly. They have three children of their own ranging in age from 12 to 16 years. Their ability to properly support and maintain the orphan for whom petitioned is not in question.

The petitioner had previously petitioned for two orphans who were subsequently admitted to the United States on the basis of two separately approved petitions as eligible orphans. One of these orphans is presently residing with the petitioner. This orphan is an 18-month-old Korean girl born May 23, 1963 who was admitted to the United States in the company of the petitioner as his adopted daughter on November 30, 1963 at Anchorage, Alaska.

Subsequently, a second visa petition was filed by the petitioner and approved for a second Korean orphan girl born May 24, 1963. This child was admitted on the basis of the approved petition on May 1, 1964 at Seattle, Washington. A death certificate has been presented to show that this second adopted orphan died on June 5, 1964 of pneumatic bronchitis in Chico, California.

The petitioner filed a petition for a third child, the beneficiary of the petition now before me on appeal, on October 30, 1964.

Section 205(c) of the Immigration and Nationality Act, as amended, provides in part that: "Not more than two such petitions may be approved for one petitioner in behalf of a child defined in section 101(b)(1)(E) or (F) unless necessary to prevent the separation of brothers and sisters". Section 101(b)(1)(F) of the Immigration and Nationality Act defines a child as: "A child who is an eligible orphan adopted abroad by a United States citizen and spouse or coming to the United States for adoption by a United States citizen and spouse". The beneficiary falls within this definition, but is not a brother or sister of the previously adopted orphans. The statute precludes the granting of the instant petition.

In the decision in *Matter of P—*, 9 I. & N. Dec. 750, decided by the Board June 21, 1962 it is stated: "We, therefore, construe the context of section 205(c) of the Immigration and Nationality Act to mean simply that a limitation of two is placed on the number of visa petitions that may be approved by the Attorney General for one petitioner in behalf of a child adopted, or an eligible orphan child, as those terms are defined in section 101(b)(1)(E) and (F) of the Act. We find that Congress has, in current legislation, provided a visa petition procedure for eligible orphan children by reason of relationship; and that only orphan children who are the beneficiaries of visa petitions come within the provisions of section 205(c) to limit two orphan children to each petitioner. Any other interpretation or construction of the language in the statute, it seems to us, would be reading meaning into it that is not there".

Two visa petitions for eligible orphans have previously been approved for the petitioner in the instant case. The approval of a third visa petition for an eligible orphan by the same petitioner is statutorily prohibited. The decision of the District Director was proper. The appeal must be dismissed.

**ORDER:** It is ordered that the decision of the District Director be affirmed and the appeal is dismissed.